[No. 3280.    Decided October 13, 1899.]

T. J. FLEETWOOD, *Appellant*. v. J. H. READ, *Respondent*.

MUNICIPAL CORPORATIONS—LICENSES FOR REVENUE—TRADING STAMPS.

Under Bal. Code, § 739, subd. 33, which authorizes cities of the first class "to grant licenses for any lawful purpose, and to fix by ordinance the amount to be paid therefor, and to provide for revoking the same," such cities have power to impose a license tax upon all business houses within the corporate limits, which employ trading stamps for the sale of goods.

SAME—CONSTITUTIONAL LAW—UNJUST DISCRIMINATION.

An ordinance imposing a license tax upon all merchants using trading stamps for the purpose of stimulating the sale ,of goods is not void as imposing a burden upon a portion only of a class of merchants, as it applies to all who engage in business of that kind.

SAME—REASONABLENESS OF TAX.

An ordinance requiring such merchants as use trading stamps for the sale of goods to pay an annual license tax of $100, is not void on the ground of being an unreasonable and excessive tax upon business.

TAXATION—ON TRADES AND OCCUPATIONS—UNIFORMITY.

A tax on trades, professions and occupations is not a tax on property, which falls within the inhibition imposed by the constitutional provisions in relation to uniformity of taxation.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Affirmed.

*Fenley Bryan,* for appellant:

The question to be determined is, has the legislature granted to the city of Tacoma power to raise revenue by licensing such things as do not come within the police control? If not, the ordinance is void. "If it is not manifest that there has been a purpose by the legislature to give authority for collecting revenue by taxes on specified occupations, any exaction for that purpose will be illegal." Cooley, Taxation, p. 547; *Cairo v. Bross,* 101 Ill. 478; *Emmons v. Lewistown,* 132 Ill. 384 (8 L. R. A. 328, 22 Am. St. Rep. 540); *St. Louis v. Bell Telephone Co.,* 96 Mo. 627 (2 L. R. A. 278, 9 Am. St. Rep. 370); *Twining v. Elgin,* 38 Ill. App. 356.

Upon the point that the use of trading stamps is a perfectly legitimate transaction, counsel cites *People v. Gillson,* 109 N. Y. 389 (4 Am. St. Rep. 465); *Long v. State,* 22 Atl. 4 (12 L. R. A. 425, 28 Am. St. Rep. 268).

The ordinance is void because it imposes a burden upon a portion, and not the whole, of a class of merchants. The rule is well illustrated by the following cases: *St. Louis*

*v. Spiegel,* 90 Mo. 590; *Mayor of Nashville v. Althrop,* 5 Coldw. 554; *Ex parte Frank,* 52 Cal. 606 (28 Am. Rep. 642); Cooley, Constitutional Limitations, 390.

To state the manner in which this ordinance operates is to condemn it as an unreasonable, unequal, unjust, partial and arbitrary exercise of the power of taxation. Ordinances have been declared void because unreasonable, so often, that it would be an imposition upon the court to ask them to read all the cases, but attention is called to the following: *Tugman v. Chicago,* 78 Ill. 405; *Commonwealth v. Wilkins,* 121 Mass. 356; *Barling v. West,* 29 Wis. 307 (9 Am. Rep. 576); *Kip v. Mayor of Paterson,* 26 N. J. Law, 298; *Ex parte Burnett,* 30 Ala. 461; *St. Paul v. Traeger,* 25 Minn. 248 (33 Am. Rep. 462); *Shreveport v. Levy,* 26 La. An. 671 (21 Am. Rep. 553).

*W. H. Pritchard* and *Walter M. Harvey,* for respondent:

It seems to us that practically the only question involved in this case is whether or not the city of Tacoma, under its charter, has power to grant licenses for the purposes of revenue as well as for the purpose of police regulation. The rule is that if by the language used in the particular grant of power, as well as taking into consideration the other pertinent provisions of the charter and the whole legislation on the subject, it is apparent that it was the intention to give the municipality the power to exact licenses for the purposes of regulation and revenue, that construction will be placed upon it. *Boston v. Schaffer,* 9 Pick. 418; *Chilvers v. People,* 11 Mich. 43; *Ex parte Frank,* 52 Cal. 606 (28 Am. Rep. 642); *Adams Express Co. v. Owensboro,* 85 Ky. 265; *People v. Naglee,* 52 Am. Dec. 331, note; Cooley, Taxation, 408; Dillon, Municipal Corporations, 357-360.

We are unable to agree with the contention of the learned counsel for appellant that the grant of a power to regulate does not carry with it the power to license; and the case of *Burlington v. Bumgardner,* 42 Iowa, 673, cited by him, is contrary to the great weight of authority. See *In re Wan Yin,* 22 Fed. 701; *Burlington v. Lawrence,* 42 Iowa, 681; *Chicago, P. & R. Co. v. Chicago,* 88 Ill. 221 (30 Am. Rep. 545); *State v. Clarke,* 54 Mo. 17 (14 Am. Rep. 471); *Welch v. Hotchkiss,* 39 Conn. 140 (12 Am. Rep. 383); *Cincinnati v. Buckingham,* 10 Ohio, 257; Dillon, Municipal Corporations, § 291.

Upon the point that the ordinance is reasonable, and does not cause an unjust discrimination between merchants engaged in the same line of business, counsel cite *Ogden City v. Crossman,* 53 Pac. 985; *Titusville v. Brennan,* 143 Pa. St. 642 (24 Am. St. Rep. 580, 14 L. R. A. 100); *Davis v. Mayor, etc., of Macon,* 64 Ga. 128 (37 Am. Rep. 60); *Municipality No. 2 v. Dubois,* 10 La. An. 56; *In re Chipchase,* 43 Pac. 264; *Newton v. Atchison,* 31 Kan. 151 (47 Am. Rep. 486); *Foster v. Board,* 37 Pac. 763 (41 Am. St. Rep. 194).

The opinion of the court was delivered by

DUNBAR, J.—The city of Tacoma passed the following ordinance:

" Be it Ordained by the City of Tacoma:

" Section 1. Every person, firm or corporation within the City of Tacoma who shall use any stamps, coupons, tickets, cards or other devices for the sale of goods, wares and merchandise, which said stamps, coupons, tickets or other similar devices shall entitle the purchaser receiving the same to procure from any other firm or corporation, any goods, wares or merchandise free of charge upon production of any number of said stamps, tickets, coupons, cards or other similar devices, shall, before using the same, obtain a license therefor from the city clerk.

" Sec. 2.   Before obtaining such license the person applying therefor shall pay to the city treasurer the sum of one hundred dollars; and upon such payment being made and filing a receipt therefor with the city clerk, the city clerk shall issue to the firm or corporation making such payment a license to use, for one year, the stamps, coupons, tickets, cards or other similar devices mentioned in Section 1 of this ordinance.

" Sec. 3.   That any person violating the provisions of this ordinance shall be punished by a fine of not less than fifty dollars, and not exceeding one hundred dollars, or by imprisonment not exceeding thirty days, or by both such fine and imprisonment."

The appellant Fleetwood was charged with violating this ordinance, was tried before a justice of the peace, found guilty and sentenced to pay a fine of fifty dollars. In default of payment he was committed to jail, his custodian being the chief of police of the city of Tacoma; whereupon the said Fleetwood made application by petition to the Hon. Thomas Carroll, one of the judges of the superior court of Pierce county, for a writ of *habeas corpus,* setting forth that the only cause or pretense of his confinement and restraint was the violation of said ordinance, and that the said ordinance is void, because the said city of Tacoma had no authority or power to enact or enforce it; that said ordinance is in conflict with the constitution of this state; that it is unreasonable, and that it requires a portion, and not the whole, of a class to pay a license for the transaction of business.   So that the only question here is as to the validity of the ordinance.

It is urged by the appellant that there are two kinds of licenses which may be imposed by municipal governments: (1) Licenses imposed in the exercise of the ordinary police powers of the city; (2) licenses imposed for the sole purpose of raising revenue, or in the exercise of the power of taxation; and that licenses cannot be imposed for either of those purposes unless the power has been conferred upon

the municipality attempting to do so by the legislative act under which it is organized and created; and authorities are cited to show that a grant of power to impose licenses in the exercise of the police power does not confer authority to impose a license for the purpose of raising revenue. It is assumed by the appellant that it follows that, if the ordinance in question has no relation to the exercise of the police power and is only an attempt to raise revenue by license, and the legislature has granted the city of Tacoma power to issue licenses only in the exercise of the police power, the ordinance is void. We do not think it is necessary to follow counsel for appellant in his attempt to show that the ordinance in question is an ordinance regulating the exercise of the police power, for it may be conceded, we think, that, as the term "police power" is ordinarily used, there is no police power exercised by virtue of this ordinance. It is boldly asserted, however, by the respondent that under the power granted by the legislature not only is the city authorized to pass ordinances controlling the exercise of the police power, but it is authorized to pass ordinances for the purpose of raising revenue only. The law which authorized this ordinance, if it is authorized, is subdivision 33 of § 739, Bal. Code, and is as follows:

" To grant licenses for any lawful purpose, and to fix by ordinance the amount to be paid therefor, and to provide for revoking the same."

This provision is in relation to cities of the first class. We do not think the restricted interpretation urged by the appellant can be placed upon this statute. The language is comprehensive. The authority is to grant licenses for any lawful purpose, and, in the absence of restriction, the purpose of raising revenue is as lawful as the purpose of exercising the police power. This interpretation is borne out, we think, by the authorization of the legislature to

cities of other classes.    Subdivision 10 of § 938, the act in
regard to general powers of the cities of the third class,
authorizes the city to license, for the purposes of regula-
tion and revenue, all and every kind of business; and sub-
division 10 of § 1011, in defining the powers of cities of
the fourth class, provides that the city shall have power to
license, for the purposes of regulation and revenue, all and
every kind of business.    And so the power to license for
purposes of revenue is especially granted to all the other
classes of cities.    But we do not think that the authoriza-
tion in this respect of cities of the other classes is any
stronger than the authorization of cities of the first class,
where the power is to grant licenses for any lawful pur-
pose, which must be held to include purposes embraced in
the provisions in relation to the other cities; and, taking
into consideration the whole scope of the legislative pro-
visions in this state, as well as the language especially used
in relation to cities of the first class, we think it is plain
that no discrimination was intended by the legislature.
The legislature probably intended by this sweeping and
comprehensive provision to put at rest any legal questions
which might be raised by an attempt to specify particular-
ly the powers conferred, or the particular subjects falling
within the general provision,—questions which are fre-
quently raised under the rule that the expression of one
thing excludes the others.    It is true, as stated by appel-
lant, that the language used, viz., "and provide for revok-
ing the same," may seem to be a little awkward and unnec-
essary in this connection.    Still, a case might be conceived
where it would be necessary to revoke a license even where
the object of the license was to obtain revenue.    But, in
any event, the intervention of this seemingly unnecessary
provision would not be sufficient to destroy the interpreta-
tion which, it seems to us, the broad language of the statute
thoroughly warrants.    We have examined all the cases

cited by the appellant, but, with the exception of. one or two, they do not seem to us to be in point, and those, we think, do not express the established and almost uniform law on the subject.

It is insisted, also that the ordinance is void because it imposes a burden upon a portion, and not the whole, of a class of merchants.    We do not think this contention is tenable.    The ordinance does apply to all merchants who see fit to engage in the business of buying tickets of that kind, and the constitutional provision (art. 1, § 12) that no law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations, cannot be invoked against this ordinance.    The adjudicated cases in this respect are so numerous that it is scarcely worth while to mention them here. ₒ

The ordinance cannot be held void on account of excessive burden imposed.    It is not so oppressive that it will in any way interfere with the rights of merchants. However wrong the policy may be which prompted the enactment of this ordinance, or however doubtful the propriety of passing such an ordinance, those are questions which are submitted by the legislature to the discretion of the council, and upon them it is not our province to comment.    We think, without further investigation, that there is no doubt that the ordinance is warranted by legislative authority.

Some question was raised by the court at the time of the argument of this case in relation to the ordinance being in conflict with §§ 1, 2 and 9 of art. 7 of the state constitution, which provide for uniformity in taxation.    Counsel for the respondent was requested by the court to furnish it with a brief on that subject, which he did, and upon an examination of the cases cited and of other cases, we have

become convinced that the question raised by the court was not a question pertinent in this case; that, under the great weight of authority, a tax on occupation, business, etc., is not, in legal contemplation, a tax on property, which falls within the inhibition imposed by the usual constitutional provisions in relation to uniformity of taxation; and, in consideration of the fact that the state constitution is a limitation upon the actions and powers of the legislature instead of a grant of power, that the power of the legislature to tax trades, professions and occupations is, in the absence of constitutional restriction, a matter within its absolute control and resting entirely in sound legislative discretion.

The judgment will be affirmed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.