[No. 3446.   Decided  January  12, 1901.]

THE STATE OF WASHINGTON, *Appellant,* v. ANDREW BRUCE *et al., Respondents.*

MUNICIPAL CORPORATIONS—RIDING OF BICYCLES ON STREETS—POWER TO LICENSE.

A municipality, under its general powers to manage and control its streets and to pass ordinances for the good government and welfare of the town, is without power to exact a license fee as a pre-requisite to the right to ride bicycles on its streets.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge. Affirmed.

*James H. Parker,* for appellant.

*Irwin & Bridges,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—The town of Hoquiam, a municipal corporation of the fourth class, passed in due form an ordinance making it unlawful for any person to ride any

bicycle, tricycle, velocipede, tandem companion, or vehicle of like character within the corporate limits of the town of Hoquiam, "until the owner thereof shall have paid unto the city of Hoquiam annually the sum of one dollar, and obtained a license therefor;" further making a violation of the ordinance a misdemeanor punishable by fine. The respondents were charged in separate complaints, made before a justice of the peace, with having violated the ordinance, and upon a trial were convicted and fined. From the judgments of conviction they appealed to the superior court, where the judgments were set aside on the ground that the ordinance was invalid. The town brings the cases here.

By subdivision 4 of § 1011, Ballinger's Code, the town councils of towns of the fourth class are given power "to establish, lay out, alter, widen, extend, keep open, open, improve, and repair streets, * * * and generally to manage and control all such highways and places;" and by subdivision 17 of the same section power is given to the town council; "To make all such ordinances, by-laws, rules, regulations and resolutions not inconsistent with the constitution and laws of the state of Washington, as may be deemed expedient to maintain the peace, good government and welfare of the town * * *." Undoubtedly, under these general provisions, municipalities of the fourth class have power to pass all reasonable ordinances necessary to a proper regulation of the use of the streets. They can prohibit, as this ordinance does, the riding of bicycles on the streets in the manner known as "coasting," or "hands off," or in excess of a reasonable rate of speed, or on certain of the sidewalks of the town; and may prescribe and enforce penalties for the violation of such regulations. But the streets of the town are, nevertheless, public highways, common to all the citizens of the state,

and may be used by them for the purposes of travel in any of the recognized methods in which the highways of the state are used. A bicycle is a vehicle within the meaning of the law, and the rider thereof on the public highways is entitled to the same rights and privileges, and is governed by the same rules, that govern persons riding or driving any other vehicle thereon. To ride a bicycle on the public highways is not of itself unlawful, nor is it so much in the nature of a nuisance as to require special police surveillance. A municipality, under its general powers to manage and control its streets and to pass ordinances for the good government and welfare of the town, is without power to exact a license fee as a prerequisite to the right to travel on its streets, if the method adopted be usual and reasonable, and not calculated to prevent a reasonable use thereof by others, and is without power therefore to require a license fee as prerequisite to the right to ride a bicycle thereon. Whether it may do so under an express statutory grant of power we do not now determine.

The judgments are affirmed.

DUNBAR, C. J., and REAVIS, J., concur.