### Ex parte HUTCHINSON.

(Circuit Court, D. Washington, N. D. May 16, 1904.)

No. 1,183.

LICENSES—CONSTITUTIONALITY OF ORDINANCE—DEALERS IN TRADING STAMPS.

A city ordinance imposing a license tax of $600 per year on any person selling trading stamps to merchants, in addition to $100 per year on each merchant using trading stamps in his business, is not one for the purpose of providing revenue, but is clearly intended to prohibit the use of such stamps, and is void, as an abridgment of the privileges of citizens to engage in a legitimate business, in violation of the fourteenth constitutional amendment.

On Petition for Writ of Habeas Corpus.

P. P. Carroll, for petitioner.
Mitchell Gilliam, Corp. Counsel, for city of Seattle.

HANFORD, District Judge. Ordinance No. 6036 of the city of Seattle requires a person carrying on business as a pawnbroker to pay $100 per annum for a license, and exacts payment of six times as much for a license to sell trading stamps to merchants, in addition to a license fee of $100 per annum, which each merchant using trading stamps in his business is required to pay. It is very apparent that the purpose of this ordinance with respect to trading stamps is to prohibit their use in retail trade as a means of drawing custom, rather than to provide revenue, or to exercise in a reasonable manner the police power of the city. The giving of trading stamps is merely one way of discounting bills in consideration for immediate payment in cash, which is a common practice of merchants, and is doubtless a popular method, and advantageous to all concerned, and it is not obnoxious to public policy. The ordinance, therefore, is oppressive, and an invasion of the liberty of the people to carry on legitimate business by the use of legitimate means.

In the case of Seattle v. Barto, 31 Wash. 141, 71 Pac. 735, the Supreme Court of this state affirmed the validity of Ordinance No. 6036 in so far as it relates to pawnbrokers, and in its opinion the court said, in effect, that the fee of $100 per annum required of pawnbrokers is not so exorbitant or disproportionate to the cost of police surveillance that the court could, without proof of special hardship, deny its constitutionality. The court was not required to, and did not, express an opinion as to the validity of the subdivisions of the ordinance relating to the selling and use of trading stamps.

Admitting the principle that the city government is invested with discretionary power to license different trades and occupations, and

that the rule of uniformity in taxation is not violated by differences in rates, the cases of Fleetwood v. Read, 21 Wash. 547, 58 Pac. 665, 47 L. R. A. 205, Stull v. De Mattos, 23 Wash. 71, 62 Pac. 451, 51 L. R. A. 892, and State v. Clark, 30 Wash. 439, 71 Pac. 20, are easily distinguishable from this case, and I am not required to comment on those decisions.

For the reason above set forth, it is my opinion that subdivisions 1 and 2 of section 7 of the ordinance under consideration are an unwarranted abridgment of the privileges of citizens, and void, and that the imprisonment of the petitioner thereunder is a deprivation of his liberty in violation of the fourteenth amendment to the Constitution of the United States. Therefore I direct that a judgment be entered discharging him from custody.