Ex parte HUTCHINSON.

(Circuit Court, D. Oregon. April 19, 1905.)

No. 2,889.

MUNICIPAL CORPORATIONS—TRADING STAMP ORDINANCE—CONSTITUTIONALITY.
    A city ordinance making it unlawful for any person to sell goods and merchandise by selling trading stamps to merchants for delivery to their customers with purchases, without paying an annual license tax of $200, whether or not authorized by the city's charter, is in violation of the rights secured to citizens affected thereby by the fourteenth amendment to the Constitution of the United States, and void; being neither a legitimate exercise of the taxing power, nor a reasonable police regulation.

On Petition for Writ of Habeas Corpus.

Carroll & Carroll, for petitioner.

L. A. McNary, City Atty., for the city of Portland.

BELLINGER, District Judge. The petitioner is a citizen of the state of Michigan, and is a member of a firm doing business under the name of the National Stamp Company. The company is engaged in what is popularly known as a "trading stamp business." It sells stamps to merchants at the rate of 50 cents a hundred, to be given by them to their patrons as a cash discount—one stamp to each 10 cents represented in the purchase made. These stamps are redeemed by the stamp company in merchandise at its place of business in this city. The petitioner alleges that said stamps are used only as a means of advertising the business of the stamp company and of the merchants using the same, and as a medium of co-operation and exchange for value.

The restraint complained of grows out of the petitioner's arrest because of his failure to take out a license as required by an ordinance of the city of Portland which makes it unlawful for any person to sell, offer, or attempt to sell goods and merchandise by selling trading stamps, etc., to merchants for delivery to their customers upon the purchase of merchandise from such merchants without paying annually the sum of $200 for a license authorizing

the same. The city charter authorizes the council "to grant licenses with the object of raising revenue or of regulation, or both, for any and all lawful acts, things or purposes," etc. The city defends its action in arresting and imprisoning the petitioner upon the ground that the ordinance in question was for the purpose of raising revenue, and that it is a lawful exercise of the power conferred by the charter to that end.

The authority to raise revenue by a tax levied upon business is undeniable, but it does not admit of argument that the Legislature cannot authorize a tax "for any and all lawful acts, things, or purposes." It is impossible to imagine a form of government so oppressive as one that would authorize a tax upon every lawful act or thing a man may do, to say nothing of the authority to tax "any and all" his lawful "purposes." Judge Hanford, in the Circuit Court of the United States for the District of Washington, in passing upon the validity of a trading stamp ordinance of the city of Seattle, in a case identical with this (137 Fed. 949), says:

"It is very apparent that the purpose of this ordinance with respect to trading stamps is to prohibit their use in retail trade as a means of drawing custom, rather than to provide revenue or to exercise in a reasonable manner the police power of the city. The giving of trading stamps is merely one way of discounting bills in consideration for immediate payment in cash, which is a common practice of merchants, and is doubtless a popular method and advantageous to all concerned, and it is not obnoxious to public policy. The ordinance, therefore, is oppressive, and an invasion of the liberty of the people to carry on legitimate business by the use of legitimate means."

The court held that the imprisonment of the petitioner for a violation of the ordinance in question deprived him of his liberty in violation of the fourteenth amendment to the Constitution of the United States.

The Supreme Court of Georgia in a recent case (Hewin v. City of Atlanta, 49 S. E. 765) has decided that the furnishing of trading stamps is not a business. In the concluding part of its opinion that court says:

"In its ultimate analysis, the use of trading stamps by a merchant is simply a unique and attractive form of advertising, resorted to for the purpose of increasing trade. In the strict commercial sense of the term 'business,' it is not a business at all. It is simply a mode or manner of business—an instrumentality or incident of a business. When resorted to for the purpose of increasing the business to which it is annexed, it occupies the same relation to that business as newspaper advertising, circulars, dodgers, and the like; and, if the city of Atlanta can classify as a business advertising through the medium of the trading stamp, it can also classify as a business advertising through the journals of the city, or through the medium of a person employed to walk the streets with the sandwich upon which the goods, wares, and merchandise of a merchant are advertised, or the employment of a dwarf who carries upon his shoulder a barrel upon which the wares of a merchant are advertised, and who stops at every street corner and seats himself upon it."

I adopt this view of the effect of the acts for which the petitioner is held. These acts do not constitute a "business," in the proper use of that word. They are a mere means of advertising—an incident of a business—"a medium," as stated in the petition, "of co-opera-

tion and exchange for value." But whether considered a business or not, the ordinance in question and the charter which authorizes it are in violation of the rights secured by the fourteenth amendment to the Constitution of the United States.

The petitioner's imprisonment is illegal, and it is therefore ordered that he be discharged from custody.