[No. 11197. Department One. July 10, 1913.]

THE CITY OF SEATTLE, *Respondent*, v. ARTHUR KING, *Appellant*.[1]

LICENSES—OCCUPATION—STATUTES—CONSTRUCTION. Rem. & Bal. Code, § 7507, providing that a city of the first class may grant licenses for any lawful purpose and fix the amount to be paid, authorizes the licensing of vehicles for hire.

SAME—LICENSE TAX—VALIDITY. Rem. & Bal. Code, § 7507, providing that a city of the first class may grant licenses for any lawful purpose and fix the amount to be paid therefor, authorizes licenses for revenue as well as for regulation; hence a license fee of $4 for vehicles for hire is not invalid because in excess of the sum needed for regulation.

SAME—UNIFORMITY. Const., art. 7, requiring taxes to be uniform, has no application to a city license tax upon occupations.

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 24, 1913, upon a trial and conviction of violating a city ordinance. Affirmed.

*Scott Calhoun*, for appellant.

*James E. Bradford, Ralph S. Pierce*, and *George A. Meagher*, for respondent.

PARKER, J.—The plaintiff was convicted in the police court of the city of Seattle of unlawfully using a vehicle for trans-

[1]Reported in 133 Pac. 442.

portation of merchandise for hire, without having procured a license therefor, in violation of an ordinance of the city relating to the licensing of vehicles. He appealed to the superior court for King county, wherein he was again adjudged guilty, from which judgment he has appealed to this court.

The provisions of the ordinance involved, so far as we need notice them, are as follows:

"It shall be unlawful for any person, firm or corporation, to drive or operate within the city of Seattle, any automobile, taxicab, coach, carriage, omnibus, dray, truck, cart, wagon or vehicle of whatsoever kind or by whatsoever power propelled, used for the transportation of passengers, baggage, goods, merchandise or other article or thing, for hire, without first procuring a license so to do for each and every vehicle so used to be known as "Vehicle License." The fee for such vehicle license shall be the sum of four dollars ($4) per annum, and every such vehicle license shall expire on the 31st day of December of the year for which such license is issued." Ordinance No. 28,570.

It is stipulated in an agreed statement of facts that the license fee is "more than sufficient to reimburse the city of Seattle for the expense of police supervision, issuance of license, and regulation necessary under said ordinance." No questions are here presented other than as to the power of the city to enact such an ordinance.

Counsel for appellant contends that the city possesses no statutory or charter authority for the passage of an ordinance licensing the use of such vehicle for hire. This contention, it seems to us, needs no answer other than a quotation from Rem. & Bal. Code, § 7507 (P. C. 77 § 83), relating to powers of cities of the first-class, as follows:

"Any such city shall have power—  . . .
"33. To grant licenses for any lawful purpose, and to fix by ordinance the amount to be paid therefor."

It is further contended that the ordinance is void because the license fee exacted is more than sufficient to reimburse the city for issuing the license and for expenses incident to

the regulation of the business. This contention apparently rests upon the theory that the ordinance amounts to the imposing of a tax under the guise of the power to license for regulation only. The decision of this court in *Fleetwood v. Read*, 21 Wash. 547, 58 Pac. 665, 47 L. R. A. 205, holds that the licensing power conferred by the language of the statute above quoted, upon cities of the first-class, gives to such cities power to license for revenue as well as regulation. So the fact that the amount of the license fee charged may be more in amount than the city could lawfully charge under the power to license for regulation only is of no avail to appellant. The court would be slow to hold a license fee of $4 unwarranted in amount, even under the power to license for regulation only; but since the city has the additional power to license for revenue, it is plain that the ordinance is not void because of the amount of the license fee charged.

Some contention is made against the ordinance rested upon the provisions of article 7 of our state constitution relating to uniformity of taxation. This contention also finds its answer in the *Fleetwood* decision, as well as in our decisions in *Stull v. De Mattos*, 23 Wash. 71, 62 Pac. 451, 51 L. R. A. 892, and in *In re Garfinkle*, 37 Wash. 650, 80 Pac. 188, holding that those provisions of our constitution have no application to license taxes upon occupations, but relate only to taxes levied upon property. *Sperry & Hutchinson Co. v. Tacoma*, 68 Wash. 254, 122 Pac. 1060, is in harmony with this view.

Counsel for appellant calls our attention to *State v. Bruce*, 23 Wash. 777, 63 Pac. 519, where the town of Hoquiam, a town of the fourth-class, was held not to possess the power to license bicycles to be ridden upon the public streets. A reading of that decision, however, will disclose the fact that there was no such charter power given the town of Hoquiam to license for both regulation and revenue as is found in the law relating to cities of the first-class.

Counsel for appellant also calls our attention to, and places

reliance upon, the cases of *In re Aubrey*, 36 Wash. 308, 78 Pac. 900, 104 Am. St. 952, and *State ex rel. Richey v. Smith*, 42 Wash. 237, 84 Pac. 851, 114 Am. St. 114, 5 L. R. A. (N. S.) 674, wherein the laws providing for licensing and regulating horseshoers and plumbers were held unconstitutional. A reading of those decisions, however, will show that those laws were held unconstitutional not because of the mere charge of a license fee, but because of other limitations put upon those desiring to enter those occupations. All persons are free to operate a vehicle for hire upon the streets of Seattle by the mere payment of the fee prescribed. Had that been the only qualification required of horseshoers and plumbers under those acts, it is manifest from the decisions we have noticed that the decisions in those two cases would have been different.

The judgment is affirmed.

GOSE, CHADWICK, and MOUNT, JJ., concur.