[No. 13316.   Department Two.   January 15, 1917.]

THE STATE OF WASHINGTON, *Appellant*, v. B. W. COLLINS,
*Respondent*.[1]

LICENSES—AUTOMOBILES — FEES — LIABILITY OF CITY — STATUTES.
An automobile owned by a city and operated by an employee in the
light and power department is not exempted from the operation of
the state license law, Rem. Code, §§ 5562-1 and 5562-4, prohibiting
the operation without a license of all automobiles except those
owned by a city and used "exclusively" for the police or fire de-
partments.

SAME—UNIFORMITY—TAXATION.   Rem. Code, § 5562-4, providing
a license tax on all automobiles, is not a tax on property but is en-
forcible as a license or occupation tax, and hence does not violate
Const., art. 7, § 2, relating to uniformity and equality in taxation,
which does not apply to privilege or excise taxes.

LICENSES—LIABILITY OF CITY—TAXATION.   The proviso to Const.,
art. 7, § 2, exempting the property of municipal corporations from
taxation cannot be segregated from the provisions of the body of the
section, and hence applies only to taxes on property and not to
occupation taxes.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered January 7, 1916, upon sustaining
a demurrer to the information, dismissing a prosecution for
operating an automobile without a license.   Reversed.

*The Attorney General* and *Edward W. Allen, Assistant,*
for appellant.

*U. E. Harmon* and *Frank M. Carnahan (T. L. Stiles,* of
counsel), for respondent.

MORRIS, J.—Appeal from a judgment of dismissal upon
the sustaining of a demurrer to an information charging re-
spondent with operating an automobile without a license.

The respondent is an employee of the city of Tacoma.
The automobile is owned by the city, and was operated by
respondent in connection with the light and power depart-

[1]Reported in 162 Pac. 556.

ment of the city.   The questions submitted by the appeal naturally divide themselves into two.   First, does the law cover automobiles owned by the city, and second, if it does, is such inclusion constitutional?

Chapter 142, Laws of 1915, p. 385 (Rem. Code, § 5562-1, *et seq.*), is a complete act relating to the operation of automobiles.   Section 4 (Id., § 5562-4) of the act provides that no motor vehicle shall be operated upon any public highway without a license first having been obtained therefor, "except as hereinafter provided."   Section 17 (Id., § 5562-17) contains the exception referred to in § 4, and provides that, "motor vehicles owned by any city for the police or fire department thereof, and used exclusively in those departments; . . .   shall be exempt from payment of license fees." These two sections answer the first inquiry in the affirmative. The intent of the act is plainly to cover all motor vehicles owned by any city except those used exclusively in the police and fire departments.   The act recognizes that the city, in providing for police and fire protection, is exercising governmental functions, and that, in the exercise of such functions, it may use motor vehicles without subjecting such vehicles to the payment of license fees.   In operating light and power departments, the city is acting in a proprietary capacity, and the automobiles used by it in such capacity fall neither within the language nor the reason of the exception.

The lower court answered the second inquiry in the negative, upon the theory that the license fee required by this act was a property tax, and that, under § 2 of art. 7, of the constitution, all property of municipal corporations is exempt from taxation.   This is an untenable theory.   The constitutional provision is as follows:

"The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money, and shall prescribe such regulations by general law as shall secure a just valuation for taxation of all property, so that every person and cor-

poration shall pay a tax in proportion to the value of his, her, or its property: Provided, That a deduction of debts from credits may be authorized; Provided further, that the property of the United States, and of the state, counties, school districts, and other municipal corporations, and such other property as the legislature may by general laws provide, shall be exempt from taxation." Const., art. 7, § 2.

This section has been uniformly construed by this court to apply to a property tax only, and has no application to occupation, privilege or excise taxes. *Fleetwood v. Read*, 21 Wash. 547, 58 Pac. 665, 47 L. R. A. 205; *Stull v. De Mattos*, 23 Wash. 71, 62 Pac. 451, 51 L. R. A. 892; *State v. Clark*, 30 Wash. 439, 71 Pac. 20; *State ex rel. Davis-Smith Co. v. Clausen*, 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466; *State ex rel. Pratt v. Seattle*, 73 Wash. 396, 132 Pac. 45; *State v. Sheppard*, 79 Wash. 328, 140 Pac. 332.

A license fee, such as is provided for in this act, may or may not be a tax, depending upon whether its imposition is tied to the police or taxing power of the state. But giving respondent the benefit of his contention that this license fee is imposed under the taxing power of the state, it is clear that it is not a property tax, but is in the nature of a license or privilege tax. Such was the basis of the rule announced in *Seattle v. King*, 74 Wash. 277, 133 Pac. 442, sustaining the power of the city to impose a license fee upon automobiles for hire. That a license fee such as is here involved is enforcible as an occupation tax is held in *Ruggles v. State*, 120 Md. 553, 87 Atl. 1080; *Ex parte Kessler*, 26 Idaho 764, 146 Pac. 113, L. R. A. 1915D 322; *In re Schuler*, 167 Cal. 282, 139 Pac. 685, Ann. Cas. 1915C 706; *Harders Fireproof Storage & Van Co. v. Chicago*, 235 Ill. 58, 85 N. E. 245; *State v. Ingalls*, 18 N. M. 211, 135 Pac. 1177; *Kane v. Titus*, 81 N. J. L. 594, 80 Atl. 453, Ann. Cas. 1912D 237; *In re Hoffert*, 34 S. D. 271, 148 N. W. 20, 52 L. R. A. (N. S.) 949.

Another error manifest in the theory of the lower court is in segregating the constitutional proviso from the body of

the section. A constitutional or statutory proviso is a re-straint or limitation upon, and not an addition to, that which precedes it. It is, therefore, clear that the proviso found in § 2 of art. 7 is a restraint upon the power of the state to impose a general property tax upon the property of municipalities, and in no sense can be construed as a limitation upon the power to impose an occupation, license, or privilege tax.

We shall not review the authorities relied upon by respondent. They are cited upon the assumption that this license fee is a property tax. Holding otherwise, it is enough to say that they are not apposite to the points involved.

The judgment is reversed.

MOUNT, FULLERTON, PARKER, and HOLCOMB, JJ., concur.