[File No. 6275.]

STATE OF NORTH DAKOTA EX REL. J. A. REESE, Applicant, v. A. T. MOONEY, as County Auditor of Towner County, North Dakota, Respondent.

(255 N. W. 105.)

Opinion filed May 26, 1934.

*Harold B. Nelson,* for applicant.

*P. O. Sathre,* Attorney General, and *Chas. A. Verret,* Assistant Attorney General, for respondent.

NUESSLE, J.  This is an original proceeding in mandamus to compel the county auditor of Towner county to receive and file the nominating petition of the applicant Reese as a candidate for the office of clerk of the district court of Towner county.  An order to show cause was issued directed to the respondent Mooney as auditor.  On the return day the respondent, appearing by counsel, demurred to the petitioner's application and moved that the order to show cause be discharged on the ground that the application fails to state facts sufficient to entitle the applicant to the relief for which he applies.

The salient facts set forth in the application and admitted by the respondent's demurrer and motion to quash, may be stated as follows: Towner county is one of the political subdivisions of the state of North Dakota.  Its population is more than 6,000 and less than 15,000.  The applicant is a resident and elector in that county.  He seeks the nomination for the office of clerk of court therein to be made at the biennial primary election to be held on June 27, 1934.  To that end he circulated a petition in the form and procured signatures in the manner as required by the primary law (article 1 of chapter 11 of the Political Code, being §§ 851 to 898, inclusive, Comp. Laws 1913, as amended).  This petition was sufficient in form and substance and was tendered, together with the requisite fee, to the respondent county auditor.  Respondent refused to receive and file the same and to place petitioner's name upon the primary ballot, contending that under the provisions of section 173 of the Constitution of the state of North Dakota, as amended, the office of clerk of court had been consolidated with that of county judge and that no clerk of court was to be nominated in said county at said primary election.  Thereupon the applicant applied to this court, invoking its original jurisdiction, and an order to show cause was issued directed to the respondent as the county auditor requiring him to show cause why the said petition should not be re-

ceived and filed and the name of the petitioner placed upon the primary election ballot for the next ensuing primary election.

The Constitution of the state of North Dakota as originally adopted provided in § 108 that: "There shall be a clerk of the district court in each organized county in which a court is holden who shall be elected by the qualified electors of the county, and shall hold his office for the same term as other county officers. He shall receive such compensation for his services as may be prescribed by law."

And § 173 provided: "At the first general election held after the adoption of this Constitution, and every two years thereafter, there shall be elected in each organized county in the state, a county judge, clerk of court, register of deeds, county auditor, treasurer, sheriff and state's attorney, who shall be the electors of the county in which they are elected, and who shall hold their office until their successors are elected and qualified. The legislative assembly shall provide by law for such other county, township and district officers as may be deemed necessary, and shall prescribe the duties and compensation of all county, township and district officers. The treasurer and sheriff of any county shall not hold their respective offices for more than four years in succession."

In 1924 by vote of the people § 173 was amended to read: "At the first general election held after the adoption of this Constitution, and every two years thereafter, there shall be elected in each organized county in the state, a register of deeds, county auditor, treasurer, sheriff, state's attorney, county judge and a clerk of the district court, who shall be electors in the county in which they are elected, and who shall hold their office until their successors are elected and qualified; provided in counties having six thousand population or less the county judge shall also be the clerk of the district court. The legislative assembly shall provide by law for such other county, township and district officers as may be deemed necessary, and shall prescribe the duties and compensation of all county, township and district officers. The sheriff and treasurer of any county shall not hold their respective offices for more than four years in succession." In 1933, at an election held for that purpose, the people further amended § 173 of the Constitution of North Dakota to read: "At the first general election

held after the adoption of this amendment, and every two years thereafter, there shall be elected in each organized county in the state, a register of deeds, county auditor, treasurer, sheriff, state's attorney, county judge and a clerk of the district court, who shall be electors in the county in which they are elected and who shall hold their office until their successors are elected and qualified; provided in counties having fifteen thousand population, or less, the county judge shall also be the clerk of the district court. Provided further that counties having a population of 6,000 or less, the register of deeds shall also be the clerk of the district court and county judge. The legislative assembly shall provide by law for such other county, township and district officers as may be deemed necessary, and shall prescribe the duties and compensation of all county, township and district officers. The sheriff and treasurer of any county shall not hold their respective offices for more than four years in succession." After the adoption of these several amendments, no legislation with respect thereto was enacted. The provisions of the statute touching the duties and compensation of the several officers affected thereby remain the same as they were prior to the adoption of such amendments.

The respondent, the county auditor of Towner county, refused to receive and file the applicant's nominating petition on the ground that under § 173, supra, as amended in 1933, the county judge was also the clerk of the district court and that such office was to be filled in no other manner. The petitioner, applying to this court for a writ of mandate, challenges this position and insists that considering § 173 as amended the provision of the first portion thereof is mandatory and that the proviso contained in the second portion cannot prevail as against such mandatory provision. Second, that if § 173, as amended, be construed as a whole it conflicts with § 108 of the Constitution and is therefore void. Third, that § 173, as amended, is not self-executing and that therefore it is not now operative for the reason that no legislation has been enacted pursuant to its terms prescribing the duties and compensation of the officers elected under it.

Thus it becomes our duty to construe § 173 as it now stands. We must, if possible, ascertain the intent of this section and apply it so as to give effect to that intent. See State ex rel. Linde v. Robinson, 35

N. D. 417, 160 N. W. 514. It is true, that the first portion of the section is mandatory, and the second portion thereof contained in the same sentence is in the form of a proviso. But this proviso operates to restrain and limit the first portion. Black, Interpretation of Laws, pp. 270, et seq.; State v. Collins, 94 Wash. 312, 162 P. 556. Giving it this effect and reading the whole section together, it is clear that in adopting it in its present amended form the people intended that in those counties having a population in excess of 15,000 the several officers named in the first portion thereof should be elected and that in counties having a population exceeding 6,000 and not exceeding 15,000, the officer elected as county judge should also fill the office of clerk of court. Thus considered there is no inconsistency between the several portions of the section or between the section considered as a whole and § 108. These several offices are created, but in certain cases one incumbent must fill both. The political history leading up to the adoption of the amended section may be considered in passing upon the question here raised. Looking into this history it is beyond doubt that this amendment was proposed and adopted because of the economy that would result from a consolidation of the offices affected in the smaller counties where the volume of business to be attended to permitted such consolidation.

On argument, counsel for petitioner conceded that if the word "also" had not been used and the amendment had read "the county judge shall be the clerk of the district court" there would be no difficulty or uncertainty about the matter and that in such case there could be no ground for his contention that § 173 in its present form is not clear and understandable. He insisted, however, that by the use of the word "also" in the amendment it became uncertain and confused and that a manifest inconsistency was generated. In considering the amendment the word "also" must be given its usual and ordinary meaning, which is, "in addition," "as well," "besides," "too." Webster's new Int. Dict. Given this meaning the intent and effect of the proviso are clear. As we read the section the use of the word "also" emphasizes rather than obscures the meaning and intention of the people in adopting the amendment. It makes more clear their intention that in the counties affected the county judge should perform the duties theretofore performed by the clerk of the district court.

The petitioner further urges that, in any event, the amendment is not self-executing; that § 173 as it now stands requires that the legislative assembly shall prescribe the duties and compensation of all county officers, including the clerk of court, county judge, and register of deeds; that there has been no legislation touching the duties or compensation of any of these officers since the adoption of the amendment; that accordingly the amendment is not effective. But it seems to us that this argument also fails for the reason that the duties of these several officers were prescribed at the time the amendment was adopted. They were defined and known, and when the amendment was adopted the intention must have been that the county judge should ex officio be clerk of the district court and perform the duties theretofore performed by the clerk. This was the practical construction put upon the amendment adopted in 1924 in the counties affected by the amendment, some six in number. Thereafter no clerks of court were elected in such counties and the county judges performed the duties of such clerks without question. Certainly this was known by the legislature at the time the last amendment was proposed and by the people when it was adopted at the election held for that purpose. Thus this practical construction so put upon the provision in question was impliedly approved by the legislature and by the people.

It is further urged that since no legislation touching the matter has been enacted since the adoption of § 173 in its present form, the provisions as to salaries theretofore in effect must continue, and so if the county judge fills the offices both of judge and clerk of the district court and performs the duties of those offices he is entitled to both salaries; that accordingly there can be no economy by reason of the amendment. Here again we must disagree with the petitioner. As stated above, the amendment was adopted in the interests of economy. The practical construction has been that but one salary shall be paid. The county judge is the officer who is elected. Provision is made for his salary. And since under the amendment he is required also to be the clerk of the district court and no provision is made that he shall receive the salary of that office, he cannot claim it but must be content with his salary as county judge. Thus the purpose of the amendment is satisfied.

The demurrer must be sustained and the order to show cause discharged.

BURR, Ch. J., and CHRISTIANSON, MOELLRING and BURKE, JJ., concur.