[No. 11556.   Department Two.   April 28, 1914.]

THE STATE OF WASHINGTON, *Appellant*, v. O. P. SHEPPARD,
*Respondent.*[1]

TAXATION—SPECIFICATION OF OBJECT—LICENSES—PEDDLER'S FEES—
STATUTES—CONSTITUTIONALITY.  Rem. & Bal. Code, § 7067, fixing the
license fees to be collected from peddlers for county licenses with-
out specific direction as to its application, does not violate Const.,
art. 7, § 5, providing that no tax shall be levied except in pursuance
of law, and that every law imposing a tax shall state distinctly the
object of the same, to which only it shall be applied; since that
article of the constitution has reference only to taxes on property.

LICENSES—FEES—DISPOSITION.  Peddlers' license fees paid to the
county treasurer, pursuant to Rem. & Bal. Code, § 7067, providing
therefor without specific direction as to its application, become part
of the general fund of the county.

Appeal from a judgment of the superior court for Grant
county, Steiner, J., entered May 16, 1913, dismissing a prose-
cution for peddling without a license, upon sustaining a de-
murrer to the information.   Reversed.

*C. G. Jeffers*, for appellant.

*Hibschman & Dill*, for respondent.

PARKER, J.—The defendant was charged by information
with the offense of peddling without a license, in violation of
the peddlers' license law of 1909. · Laws of 1909, p. 736;
Rem. & Bal. Code, §§ 7065-7069 (P. C. 305 §§ 13, 15, 17, 19,
21, 23).   He demurred to the information upon the ground
that it did not charge facts constituting a crime, in that the
peddlers' license law of 1909 violates § 5, art. 7, of our state
constitution, and is therefore void.   The superior court sus-
tained the demurrer upon this ground, dismissed the action,
and discharged the defendant.   From this disposition of the
case, the state, by the prosecuting attorney for Grant county,
has appealed.

[1]Reported in 140 Pac. 332.

The claim of counsel for respondent that the law is unconstitutional is rested upon the fact that it does not state the purpose to which the license fees to be collected from peddlers shall be applied, further than that the licensee

". . . shall pay the said treasurer the county license fee as follows:

"(1)   Peddler on foot $100.
"(2)   Peddler with one horse and wagon, $150.
"(3)   Peddler with two horses and wagon, $250.
"(4)   Peddler with any other conveyance, $300." Rem. & Bal. Code, § 7067 (P. C. 305 § 17).

This, it is insisted, is such a failure to comply with § 5, art. 7 of the constitution as to render the law void. That section reads as follows:

"No tax shall be levied except in pursuance of law; and every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied."

It is argued that, since the fees exacted by the law would be excessive, viewed as an exercise of the police power for regulation only, the law is, in substance, an exercise of the taxing power, and as such, it must, in order to be a valid exercise of that power, state distinctly the object to which the moneys so coming into the county treasury shall be applied. The constitutionality of this law was the subject of our consideration in *McKnight v. Hodge*, 55 Wash. 289, 104 Pac. 504, 40 L. R. A. (N. S.) 1207, where it was held constitutional upon the theory of it being an exercise of the taxing power. The attack then made upon the law did not, however, rest upon the ground here urged against it.

The controlling question here is: Does the above quoted section of the constitution have reference to a tax of this nature or only to a tax upon property? It is, of course, only a limitation upon the manner of exercising the taxing power, as, manifestly, are also all of the other provisions of article 7 of the constitution wherein it is found. Those provisions, it seems to us, have reference only, when read to-

gether, to the manner of taxing of property according to value if the tax be general, and according to benefits if the tax be by special assessment. In *State v. Clark*, 30 Wash. 439, 71 Pac. 20, it was held that the rule of equality imposed upon the legislative exercise of the taxing power, found in article 7 of the constitution, did not render the graduated inheritance tax unconstitutional, because such constitutional rule referred only to tax upon property, and that the constitution being silent on the subject of inheritance tax, the legislature has inherent power to provide for the imposition of such a tax, unrestrained by the rule of equality applicable to a property tax.

The only taxes mentioned in article 7, or elsewhere in the constitution are property taxes, and from the reading of that article as a whole, we are of the opinion that the limitation here sought to be invoked is no more applicable to this tax than the equality rule is applicable to the inheritance tax. This tax, like the inheritance tax, finds no mention in the constitution, and like the inheritance tax, is exacted by virtue of the inherent power of the legislature, unrestrained, we think, by any constitutional rule of the exercise of that power. When revenue so derived is, by law, directed to be paid into the state, county, or municipal treasury without specific direction as to its application, we think the conclusion necessarily follows that it is intended to become the property of the state, county, or municipality as the case may be. In *State ex rel. Adams v. Irwin*, 74 Wash. 589, 134 Pac. 484, 135 Pac. 472, we said:

"Manifestly, all lawful obligations of a municipality are payable from its general fund, unless the law specifically provides otherwise."

We think it is, also, manifest that all revenues coming into the treasury of a municipality in pursuance of law, unless the law specifically provides otherwise, becomes a part of its general fund, applicable as such to the payment of the general obligations of such municipality without any specific legisla-

tive direction therefor; except it be the proceeds of such a tax as the constitution requires shall be levied only in connection with a legislative statement of its purpose and applicability. We conclude that the peddlers' license law does not violate the constitutional provision here invoked against it.

The judgment is reversed.

CROW, C. J., FULLERTON, MOUNT, and MORRIS, JJ., concur.