## James, et al. v. Geiger, et al.

(Decided March 24, 1922.)

### Appeal from Boyd Circuit Court.

1. Bail—Discharge of Sureties.—Section 86 of the Criminal Code provides how sureties upon a bail bond may be discharged from liability thereunder by surrendering the defendant, while section 87 provides how such sureties may procure the arrest of the defendant for the purpose of surrendering him, but these sections do not impose upon the arresting officer the duty of taking from the jailer the acknowledgment which releases the bail.

2. Bail—Forfeiture of Bond—Recoupment.—Where the bail simply endorsed upon a certified copy of bond direction for the sheriff "to execute this process on" the defendant, who was then in jail, and the officer merely reads the paper to the defendant, who later escaped and the bond was forfeited, the bail have no cause of action for recoupment against the officer or the sureties upon his

official bond because of his failure to take from the jailer the written acknowledgment that would have released them.

E. POE HARRIS and J. L. SMITH for appellants.

PRICHARD & MALIN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellants, A. L. James, J. L. Rucker and J. G. Rucker, instituted this action against James E. Geiger, former sheriff of Boyd county, Kentucky, and the surety on his official bond to recover $2,000.00 damages for an alleged breach of the bond. A demurrer was sustained to the petition, and upon plaintiffs declining to plead further, the petition was dismissed and they have appealed.

The following facts constitute the alleged breach relied upon for recovery: Appellants were sureties upon the bail bond for one John Branham in the sum of $2,000.00, which required him to answer an indictment in the Boyd circuit court at the January term, 1918. While Branham was at liberty under this bond he was arrested and placed in jail in Boyd county upon another charge. While he was so confined and before the date he was required to answer under the bail bond one of his sureties thereon, A. L. James, obtained a certified copy of the bail bond from the clerk of the Boyd circuit court and made the following endorsement thereon:

"I hereby authorize J. E. Geiger, sheriff of Boyd county, to execute this process on John Branham. This January 5, 1918. A. L. James."

James then delivered this paper to Geiger, who in turn delivered it to his deputy, R. G. Brown, for execution. On January 5, 1918, the deputy sheriff attempted execution thereof in the following manner, as truthfully appears in his return, as amended on April 11th:

"By leave of court the undersigned amends his return herein and for amendment states that he executed the within attested copy of the bail bond by reading same to John Branham then and there confined in the county jail in Boyd county, Kentucky, leaving the said John Branham in said county jail. This April 11, 1918. J. E. Geiger, S. B. C., by R. G. Brown, D. S."

Thereafter Branham escaped from jail and did not appear as required by the bail bond and same was declared forfeited, and later the bail were required to and did pay $2,000.00 and costs in satisfaction of the bond.

After setting up these facts it is alleged in the petition that the sheriff, in violation of his duty, failed to make formal surrender of Branham to the jailer and to take a recept from the jailer as required by law so as to relieve the plaintiffs from liability on the bond.

Sections 86 and 87 of the criminal code provide the procedure to be followed by sureties to surrender their principal and be discharged as sureties. They are as follows:

"Section 86. At any time before forfeiture of their bond the bail may surrender the defendant, or the defendant may surrender himself to the jailer of the county in which the prosecution is pending, but the surrender must be accompanied with a certified copy of the bail bond to be delivered to the jailer, who must detain the defendant in custody thereon as upon a commitment, and give a written acknowledgment of the surrender; and the bail shall thereupon be exonerated.

"Section 87. For the purpose of surrendering the defendant the bail, at any time before judgment against them, and at any place within the state, may arrest him; or by an indorsement upon a certified copy of the bail bond or recognizance signed by them, may direct the arrest to be made by any peace officer in the state, or by any other person over twenty-one years of age designated in the indorsement."

It will be noticed that section 86 provides how the sureties may relieve themselves of their liability on a bail bond by surrendering the defendant or when he surrenders himself to the jailer of the county in which the prosecution is pending, that is, they or some one for them must procure a certified copy of the bail bond, deliver it to the jailer and take from him a written acknowledgment of the surrender. Section 87 provides only how the bail may procure his arrest "for the purpose of surrendering the defendant."

These sections do not provide that the arresting officer shall do more than make the arrest, although that implies that he must deliver the defendant when arrested to the bail or the jailer, but it does not imply that the arresting officer for the bail shall take the receipt from the jailer, which must be done to relieve the bail of liability on the bond. When, therefore, the defendant is already in jail in the county in which the prosecution is pending, it would seem that there is no necessity whatever for the bail to have him rearrested by an officer in

order to relieve themselves of liability upon the bond, since they could do this, and under these sections it is made their duty and not the arresting officer's, by simply delivering a certified copy of the bail bond to the jailer and taking a receipt as provided in section 86. Of course if the officer did it for them as their agent it would inure to their benefit, but the statute does not impose any such duty on the officer.

But even if this were not true, as seems clearly the case, the endorsement on the bail bond made by Mr. James, one of the sureties, does not even direct, as the statute provides, that the officer to whom it was addressed should arrest the defendant, and without such direction so to do it was certainly not his duty, and we seriously doubt if he had the authority to arrest the defendant.

This is an extraordinary statutory provision which empowers one without official capacity to issue a warrant of arrest and when a person so empowered does not even direct the officer to arrest the defendant it is hard to see how he could justify himself if he did so.

The endorsement on the bail bond only authorized the sheriff "to execute this process on John Branham." It was not a process of any kind and could not be unless and until the bail or some of them made it such by directing the sheriff or other person to arrest the defendant. The deputy sheriff, in attempting to "execute this process on John Branham," which was only a certified copy of the bail bond, read it to Branham, who was then in jail, and doubtless this is what he considered a proper execution of such paper, and we are not inclined to criticize his judgment about the matter.

It is our judgment, therefore, that the court did not err in sustaining the demurrer to the petition.

Judgment affirmed.