[No. 17975. Department Two. July 13, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. F. J. HART, *Appellant*.[1]

CONSTITUTIONAL LAW (100, 112)—PRIVILEGES AND IMMUNITIES—EQUAL PROTECTION OF THE LAWS—LICENSE TAX—GASOLINE DISTRIBUTORS. The distribution tax on fuel oil to be paid by the first sellers is an excise tax, under Rem. Comp. Stat., § 8327 and not subject to the requirement of uniformity applicable to property taxes.

SAME (100, 112). Rem. Comp. Stat., §§ 8327, 8328, placing an excise tax on liquid fuel to be paid by the first sellers, after it is brought into this state and has lost its interstate commerce protection by the breaking of the original packages, is not violative of the state and Federal constitutional guaranties against granting special privileges and denying the equal protection of the laws; since the state may make a reasonable classification of persons with reference to their occupations, and the classification of "first sellers" for the payment of the tax is not unreasonable or arbitrary.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 20, 1923, upon a trial and conviction of violating the law exacting a tax from distributors of liquid fuels. Affirmed.

[1]Reported in 217 Pac. 45.

*Guie & Halverstadt,* for appellant.

*The Attorney General* and *E. W. Anderson, Assistant,* for respondent.

PARKER, J.—The defendant, Hart, was charged in the superior court for King county with the violation of certain provisions of ch. 173, Laws of 1921, p. 669 [Rem. Comp. Stat., § 8327], relating to the excise tax chargeable to distributors of liquid fuels, in that in January, 1922, he brought into this state from the state of Oregon a quantity of gasoline, and on May 22, 1922, "after breaking the original package in which said gasoline was imported, did wilfully and unlawfully sell said liquid fuel" in violation of certain regulatory provisions of that law, and in thereafter unlawfully refusing to pay the excise tax required of him for the making of such sale. Upon this charge, judgment of conviction was rendered against the defendant, assessing against him a fine of $50, from which he has appealed to this court.

The argument here advanced by counsel in behalf of appellant is addressed wholly to their contention that ch. 173, Laws of 1921, *supra,* if given effect according to its terms, is violative of his rights under the guaranty of § 12, of art. I, of the state constitution that:

"No law shall be passed granting to any citizen, class of citizens, or corporation, other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations,"

and also violative of his rights under the guaranty of the fourteenth amendment to the constitution of the United States that: "No state shall . . . . deny to any person within its jurisdiction the equal protection of the laws;" in that the charging of the

tax against appellant constitutes an unconstitutional class discrimination against him and in favor of others similarly situated who are not so charged with the tax. The only language of the law which we need here particularly notice is the following:

"Section 1. (a) The term 'internal combustion engine' whenever used in this act shall be held and construed to mean and include any vehicle, engine or machine movable or immovable which is operated or propelled by the combustion of volatile and inflammable liquid fuels.

"(b) The term 'liquid fuel,' 'liquid fuels,' 'fuel,' and 'fuels' whenever used in this act shall be held and construed to mean and include gasoline and all volatile and inflammable liquid fuels, produced or compounded for the purpose of operating or propelling internal combustion engines: Provided, that kerosene shall not be considered to be a liquid fuel in the meaning of this act.

"(c) The term 'distributor' whenever used in this act shall be held and construed to mean and include any person, firm, or corporation which produces, refines, manufactures or compounds and thereafter sells such liquid fuel in the State of Washington for use and sale in this state, or who imports and sells such liquid fuel into this state except as hereinafter provided.

"Section 2. That in addition to the taxes now provided for by law each and every distributor, as defined in this act, who is now engaged or who may hereafter engage, in his own name, or in the name of others, or in the name of his representatives or agents in this state, in the sale of liquid fuel as herein defined, shall not later than the fifteenth of each calendar month render a sworn statement to the director of licenses of the state of Washington of all such liquid fuel sold by him or them in the state of Washington during the preceding calendar month, and pay an excise tax of one cent per gallon on all liquid fuel so sold as shown by such statement in the manner and within the time hereinafter provided." Laws of 1921, pp. 669, 670 [Rem. Comp. Stat., §§ 8327, 8328].

Other provisions of the law have to do with regulations incident to its administration, punishment for its violation, and the saving of interstate commerce from the burdens it imposes.

It is conceded by counsel for the appellant that the tax in question is, as it is termed in the law, an "excise tax"; that is, a privilege or license tax, and that it is not a property tax such as must be based upon the value of the property taxed, and measured by a uniform standard as to valuation and rates under § 2, art. VII, of our state constitution. That this is the correct view of the nature of the tax and that it is not controlled by the uniform requirements of that provision of our constitution, we think is rendered plain by a number of our former decisions, among which we note the following: *Fleetwood v. Read,* 21 Wash. 547, 58 Pac. 665, 47 L. R. A. 205; *State v. Clark,* 30 Wash. 439, 71 Pac. 20; *In re Garfinkle,* 37 Wash. 650, 80 Pac. 188; *State v. Sheppard,* 79 Wash. 328, 140 Pac. 332; *Standard Oil Co. v. Graves,* 94 Wash. 291, 162 Pac. 558; *Shell Co. of California v. State,* 113 Wash. 632, 194 Pac. 835. The last two cited cases are in principal directly in point in support of the view that this is an excise tax as distinguished from a property tax.

A reading of the above quoted provisions of ch. 173, Laws of 1921, p. 669 [Rem. Comp. Stat., § 8327], we think renders it at once apparent that there is therein expressed the legislative intent that the first sellers in this state of liquid fuel brought into the state from another state, after it has lost its interstate commerce protection by the breaking of the original package or otherwise, and the first sellers in this state of liquid fuel produced in the state, shall pay for the privilege of making such first sales the excise tax thereon measured in amount as provided in the law at the rate of

one cent per gallon. This, of course, as counsel for appellant concede, leaves out of our present inquiry any question of the law unduly burdening interstate commerce.

It is well settled law that the legislature may constitutionally classify persons with reference to their business, occupation or inheritance, with a view of exacting from them excise or privilege taxes differing in amount, or differing in that one class shall be taxed and another class shall be exempted, so long as there may be some reasonable basis for such classification, and so long as all in each class shall be taxed or exempted alike. *Stull v. De Mattos,* 23 Wash. 71, 62 Pac. 451, 51 L. R. A. 892; *State v. Clark,* 30 Wash. 439, 71 Pac. 20; *McKnight v. Hodge,* 55 Wash. 289, 104 Pac. 504, 40 L. R. A. (N. S.) 1207; *State v. McFarland,* 60 Wash. 98, 110 Pac. 792, 140 Am. St. 909; *Allen v. Bellingham,* 95 Wash. 12, 163 Pac. 18. This, counsel for appellant concede, but argue that the placing of the first sellers of liquid fuel in one class and charging them with this tax for the making of such sales, and the placing of all subsequent sellers of liquid fuel in another class and exempting them from the payment of this tax, is a classification of a purely arbitrary character without any reason upon which to rest.

We cannot agree with this contention. The manifest purpose and the practical effect of this law, as intended by the legislature, is that the tax shall be paid for the privilege of making all first sales in the state of all liquid fuel produced therein, and also for the privilege of making all sales in the state of all liquid fuel brought into the state after it has lost its interstate commerce protection from such tax, to the end that consumers of such fuel used in the state shall be ultimately equally

burdened with such tax. Viewed in this aspect, it seems easy to see that there is a sound and legitimate reason for taxing first sellers and exempting all subsequent sellers. Indeed, the sale privilege being thus taxed but once, it is rendered plain that the consumers of such fuel in the state are burdened thereby much more nearly equally than they would be if all subsequent sellers, of which our common knowledge tells us, and the very nature of appellant's contention concedes, there are many, were also taxed for the privilege of making sales. Indeed, it can well be argued that the first sellers are, in practical effect, not burdened at all with this tax, except possibly the insignificant burden that is put upon them to see that the tax reaches, through them, the state treasury. No decision has come to our notice dealing with a classification rested upon the exact basis here drawn in question. Probably the classification of wholesalers and retailers separately is the nearest like it. This has been held to be a reasonable basis for such classification. Observations made in the following decisions lend support to our conclusion that the giving full effect to the provision of this law will not in the least invade appellant's rights under either the state or Federal constitutions: *Cook v. Marshall County,* 196 U. S. 261; *Singer Sewing Machine Co. v. Brickell,* 233 U. S. 304; *Texas Co. v. Brown,* 258 U. S. 466; *Altitude Oil Co. v. People,* 70 Colo. 452, 202 Pac. 180; *Standard Oil Co. of Louisiana v. Brodie,* 153 Ark. 114, 238 S. W. 753.

We have not deemed it necessary to discuss separately appellant's claims of right under the state and Federal constitutions, being of the opinion that the reason and the result to be reached would necessarily be the same, in view of the manifest identity in substance of

the rights guaranteed by the respective provisions thereof.

The judgment is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.