[No. 24803. Department One. April 18, 1934.]

*In the Matter of the Estate of* FRANK PALMER,
*Deceased.*

H. V. JACKSON, *as Administrator, Respondent,* v.
WILLIAM H. PEMBERTON, *as Supervisor of the
State Inheritance Tax and Escheat
Division, Appellant.*[1]

---

[1] Reported in 32 P. (2d) 118.

*William H. Pemberton*, for appellant.

*Hayden, Metzger & Blair*, for respondent.

Mitchell, J.—Frank Palmer died a resident of California, leaving real and personal property in the state of Washington subject to administration. His heirs are three children, all non-residents of Washington. In the administration and settlement of his estate in the superior court for Pierce county, a controversy arose as to whether the estate should pay an inheritance tax. The superior court held that none was due or payable. The supervisor of the inheritance tax and escheat division of the state has appealed.

Appellant contends (1) that there are no exemptions in case of a "foreign estate;" and (2) exemptions, if any, should be

". . . prorated as a deduction in proportion to the value the property within the state of Washington bears to the property outside of the state of Washington, the same as the debts and expenses."

Appellant relies on Rem. Rev. Stat., § 11204, and the decisions of other states under their statutes upon this subject. The statute cited, by its terms, applies to foreign estates which, in whole or in part, are liable to pay a "collateral inheritance tax in this state," which, together with the decisions from other states cited, as we understand them, are not applicable to the present case.

The total amount of property, real and personal, owned by the decedent in this state at the date of his death, was $658.07, and, as already stated, the heirs are children of the decedent.

Upon the question involved here, § 1 of the

original inheritance tax law of this state, Chapter LV, Laws of 1901, p. 67, provided that all property within the jurisdiction of this state and any interest therein, *"whether belonging to the inhabitants of this state or not,"* which shall pass by will or the statutes of inheritance of this state or any other state, shall be subject to the tax as provided in § 2 of the act, after the payment of debts, taxes, expenses, etc. This statute was amended by chapter 217, Laws of 1907, p. 499, § 1, and again by chapter 146, Laws of 1917, p. 593, § 1, but the amendments are immaterial here, because at all times the language we italicize of the 1901 act has been preserved, and now appears in Rem. Rev. Stat., § 11201.

Section 2 of the act of 1901, so far as material here, was as follows:

"The inheritance tax shall be and is to be levied on all estates subject to the operation of this act on all sums above the first $10,000.00, where the same shall pass to or for the use of the father, mother, husband, wife, lineal descendant, adopted child, or the lineal descendant of an adopted child, one (1) per centum."

This section was amended as follows: By chapter 217, Laws 1907, p. 500, § 2; chapter 19, Laws 1911, p. 60, § 1; chapter 43, Laws 1917, p. 196, § 1; chapter 119, Laws 1923, p. 322, § 1; chapter 205, Laws 1929, p. 527, § 1; and chapter 134, Laws 1931, p. 401, § 3. As amended, it now appears as Rem. Rev. Stat., § 11202.

These amendments also are immaterial in the present controversy, because the law has at all times been, in substance and effect, as now found in the last amendment or enactment, to the effect that there shall be exempt not less than ten thousand dollars from payment of inheritance tax in each estate passing to lineal descendants, etc.

The validity of the inheritance tax law, in respect

to the questions and controversy in this action, has, according to the terms of the act, been upheld and applied in *State v. Clark,* 30 Wash. 439, 71 Pac. 20, involving the estate of a resident decedent; and also in *In re Clark's Estate,* 37 Wash. 671, 80 Pac. 267, which involved the estate of a non-resident decedent.

The property in the present estate, being of less value than ten thousand dollars and passing to the children of the decedent, is exempt from the payment of any inheritance tax, and the judgment of the superior court to that effect was correct.

Affirmed.

STEINERT, MILLARD, and MAIN, JJ., concur.

BEALS, C. J., dissents.