[No. 35483. *En Banc.* September 15, 1960.]

Edgar J. Galvin et al., *Respondents*, v. The State Tax Commission et al., *Appellants.*[1]

[1]Reported in 355 P. (2d) 362.

*The Attorney General, John W. Riley* and *Henry W. Wager, Assistants,* for appellants.

*Monheimer & Schermer (John M. Schermer,* of counsel), for respondents.

PER CURIAM.—This is an action brought to test the constitutionality of the "Tobacco products" tax, being §§ 11 through 21 of chapter 5, Laws of 1959, Ex. Ses., p. 1671.

The tax is twenty-five per cent of the wholesale sales price, and is upon the sale, use, consumption, handling, or distribution of tobacco products as defined by the act (cigars are included; cigarettes excluded).

The tax is to be paid by distributors, defined as,

"(a) any person engaged in the business of selling tobacco products in this state who brings, or causes to be brought, into this state from without the state any tobacco products for sale,

"(b) any person who makes, manufactures, or fabricates tobacco products in this state for sale in this state,

"(c) any person engaged in the business of selling tobacco products without this state who ships or transports tobacco products to retailers in this state, to be sold by those retailers;"

The tax is imposed at the time when the distributor,

"(a) brings, or causes to be brought, into this state from without the state tobacco products for sale,

"(b) makes, manufactures, or fabricates tobacco products in this state for sale in this state, or

"(c) ships or transports tobacco products to retailers in this state, to be sold by those retailers."

It is stipulated that cigars and other tobacco products covered by the act are being purchased by ultimate consumers within the state of Washington, either by mail orders or by actual purchase beyond the state, and that no provision is contained in the act imposing payment

upon the ultimate consumer or the without-the-state distributor from whom he purchases.

It is stipulated further that no attempt is made to collect the tax from distributors in the "(c)" classification, *supra,* unless they voluntarily register with the tax commission and pay the tax.

Plaintiffs are a wholesale tobacco dealer doing business in Renton, Washington (a class "(a)" distributor), and two out-of-state (Oregon) tobacco dealers doing business as H. F. Smith Company (a class "(c)" distributor), and shipping both to ultimate consumers and retailers in the state of Washington. They seek to have the tax declared unconstitutional and the state tax commission restrained from collecting it. The trial court granted the relief requested, and the tax commission appeals.

█ The class "(c)" out-of-state plaintiffs have no standing to challenge the validity of the tax, as they do not pay it, and no attempt is being made to collect it from them. The out-of-state plaintiffs are in no way discriminated against by the enforcement of the taxing statute. If and when the tax commission attempts to collect the tax on the sales of tobacco products by the out-of-state plaintiffs to ultimate consumers or retailers in the state of Washington, a constitutional issue could be raised, but not upon the facts now before the court. *King County v. Port of Seattle* (1950), 37 Wn. (2d) 338, 350, 223 P. (2d) 834.

█ The class "(a)" plaintiff, likewise, has no basis for complaint so far as the continuing tax is concerned. All tobacco products brought into the state for sale are subject to the tax; any wholesaler or any retailer who brings or causes tobacco products to be brought into the state from an out-of-the-state source becomes liable for the tax when such tobacco products are brought into the state. The only claim of discrimination which the class "(a)" plaintiff can justifiably make is that the ultimate consumer can buy his cigars and other tobacco products outside of the state, and that no tax is paid on the sale, use, consumption, handling, or distribution of such tobacco products.

This is but the recognition of a practical problem of col-

lection and enforcement: a tax net which permits small fish to escape may still be constitutional. The distinction between ultimate consumers, who purchase tobacco products in interstate commerce for their own use, and those manufacturing or bringing into the state tobacco products for sale, is a reasonable one, and does not render the statute unconstitutional. *Texas Co. v. Cohn* (1941), 8 Wn. (2d) 360, 112 P. (2d) 522; *State v. Hart* (1923), 125 Wash. 520, 217 Pac. 45; *State Board of Tax Com'rs v. Jackson* (1931), 283 U.S. 527, 51 S. Ct. 540, 75 L. Ed. 1248, 73 A. L. R. 1464. As we said in *Texas Co. v. Cohn, supra* (pp. 386, 387),

"A state legislature has very broad discretion in making classifications in the exercise of its taxing powers. A classification of commodities, businesses, or occupations, for excise tax purposes, under which the classes are taxed at unequal rates, or one class is taxed and another is exempted, will be upheld as constitutional if it is not arbitrary nor capricious and rests upon some reasonable basis of difference or policy. . . . Classification may also be permissible if it is reasonably related to some lawful taxing policy of the state, such as greater ease or economy in the administration or collection of a tax, the selection of a fruitful source of revenue with the exemption of sources less promising, or the equalization of the burdens of taxation. If any such reasonable basis for the classification exists, or conceivably may exist, then the circumstance that there is competition between a commodity or business which is taxed and some commodity or business which is not taxed, does not materially affect the validity of the classification."

The statute providing for a tax on the sale, use, consumption, handling, or distribution of tobacco products also provides for what is termed a "floor stocks tax," and it presents quite a different problem. It was included in the act to prevent wholesalers and retailers from laying in a large supply of tax-free tobacco products before July 1, 1959, the effective date of the continuing tax. By it, the legislature imposed upon every distributor of tobacco products a tax of twenty-five per cent of the wholesale sales price on each tobacco product in his possession on July 1, 1959.

■ No attempt was made to impose this tax on class "(c)" distributors; so again our class "(c)" out-of-state plaintiff has no grounds for complaint.

■ It will be noted, however, that class "(a)" distributors includes any person

". . . engaged in the business of selling tobacco products in this state *who brings, or causes to be brought, into this state from without the state any tobacco products for sale.*" (Italics ours.)

This definition presents no problem so far as the continuing tax is concerned, as the tax is imposed when either a wholesaler or retailer brings tobacco products into the state for sale. However, as far as the "floor stocks tax" is concerned, it leaves retailers who had tobacco products in their possession on July 1, 1959, *which they had not brought into the state* (*i.e.*, which they had purchased from an in-state wholesaler), beyond the purview of the tax (unless it can be successfully argued that such retailer *"causes"* such tobacco products to be brought into the state for sale).

Had such retailers been exempted from the "floor stocks tax," there would certainly be a justiciable issue before the court on the basis of a discrimination against the class "(a)" distributors, who were liable for the "floor stocks tax" because they had tobacco products in their possession on July 1, 1959, which they had brought into the state for sale; however, it is stipulated

". . . That as interpreted, and administered by the Tax Commission, the floor stocks tax was required to be paid by all persons within this State having in their possession on July 1, 1959, tobacco products for sale."

The tax commission may have misinterpreted the act, but, as a result of their interpretation, all possessors of tobacco products for sale on July 1, 1959, have been taxed on the same basis. The class "(a)" plaintiff was clearly subject to the tax, and, unless he has been in some way discriminated against, he has no cause for complaint. *Griffiths v. State* (1947), 28 Wn. (2d) 493, 501, 183 P. (2d) 821; *Gengler v. King County* (1942), 12 Wn. (2d) 227, 235, 121 P. (2d) 346;

*Roberts & Schaefer Co. v. Emmerson* (1926), 271 U. S. 50, 54, 55, 70 L. Ed. 827, 46 S. Ct. 375, 45 A. L. R. 1495.

What the result might have been had the "floor stocks tax" been challenged by retailers who had tobacco products for sale in their possession on July 1, 1959, which they had not brought into the state but had purchased from in-state wholesalers, we need not here consider; no such persons are before us.

In fairness to the trial court, we should point out that the tax commission did not raise, in the trial court, the questions concerning the right of the plaintiffs to the relief requested which are now regarded as decisive. It is recognized that the issue of the right to maintain an action may be raised for the first time in this court in actions brought under the declaratory judgment act. *Washington Beauty College v. Huse* (1938), 195 Wash. 160, 80 P. (2d) 403. We have expressed no views in disagreement with the trial court's conclusions on the questions relating to the constitutionality of the continuing tax, as applied to class "(c)" distributors, or as to the proper interpretation and constitutionality of the "floor stocks tax."

Lest there be confusion as to just what the court has here determined, we summarize:

1. We hold that the plaintiffs who are class "(c)" distributors have not been affected by the operation of the challenged tobacco products tax, or by the challenged "floor stocks tax" on tobacco products in any manner that presents a constitutional or justiciable issue to this court.

2. We hold that the plaintiff who is a class "(a)" distributor has not (with the exception hereinafter noted) been affected by the operation of the challenged tobacco products tax or by the challenged "floor stocks tax" on tobacco products in any manner that presents a constitutional or justiciable issue.

3. We hold that the only constitutional or justiciable issue presented by the plaintiff, who is a class "(a)" distributor, is whether the stipulated fact,

"That cigars and other tobacco products covered by the Act are being purchased by resident consumers of the State

of Washington either by mail orders beyond the State or by actual purchase beyond the State and brought into this State, free of the tax imposed by the Act,"

and the obvious fact that the act does not purport to attempt to tax the sale, use consumption, handling or distribution of tobacco products thus brought into the state constitutes an unreasonable discrimination as to him.

4. We hold that the facts set forth in the preceding paragraph do not render the tobacco products tax, here challenged, either unequal or unreasonably discriminatory in a constitutional sense insofar as the class "(a)" plaintiff is concerned.

The judgment of the trial court is reversed with directions to dismiss the action.

[1]Reported in 355 P. (2d) 334.