[No. 37584. En Banc. March 18, 1965.]

ROBERT C. HEMPHILL et al., *Respondents*, v. TAX COMMISSION OF THE STATE OF WASHINGTON, *Appellant.**

*Reported in 400 P. (2d) 297.

*The Attorney General, H. Eugene Quinn* and *James A. Furber, Assistants,* for appellant.

*Corbett, Siderius & Lonergan,* for respondents.

FINLEY, J.—Robert and Maxine Hemphill, owners and operators of Capitol Skateland, instituted this suit, questioning the validity of 1961 amendments respecting the sales tax, RCW 82.04.250 and RCW 82.04.050. These amendments applied the tax to the gross sales (admission fees) of skating rinks and other recreational businesses, but excluded bowling alleys. The pertinent section of the 1961 amendatory tax statute reads:

" . . .

"The term 'sale at retail' or 'retail sale' shall include the sale of or charge made for personal, business or professional services, including amounts designated as interest, rents, fees, admission, and other service emoluments however designated, received by persons engaging in the following business activities: (a) *amusement and recreation businesses* including but not limited to golf, pool, billiards, skating, ski lifts and tows and others *but excluding bowling* and excluding admission charges which may be subject to county or city admissions taxes levied under authority granted in RCW 35.21.280 or chapter 36.38 RCW; . . ." (Italics ours) Laws of 1961, Ex. Ses., chapter 24, § 1.

The Thurston County Superior Court ruled in favor of the Hemphills, holding that the whole of subsection (a) as quoted was null and void because the exemption granted to bowling was a denial of equal protection under the fourteenth amendment to the United States Constitution and the equal privilege and immunities provision of Art. 1, § 12 of the Washington State Constitution.[1] The state has appealed the decision to this court.

[1] This court has long held that the equal protection clause of the fourteenth amendment to the United States Constitution and the equal

 A review of general statutory and constitutional principles should be helpful in setting the stage for decision herein. There is a strong presumption that a revenue statute is constitutional, and, where there is doubt, it will be resolved in favor of constitutionality. *Gruen v. State Tax Comm.*, 35 Wn. (2d) 1, 6, 211 P. (2d) 651 (1949). Also, the general rule is that a legislature has the power to make reasonable and natural classifications for purposes of taxation, and that in the exercise of this power the legislature has very broad discretion in making such classifications.[2] *Galvin v. State Tax Comm.*, 56 Wn. (2d) 738, 355 P. (2d) 362 (1960); *State v. Hi-Lo Foods, Inc.*, 62 Wn. (2d) 534, 383 P. (2d) 910 (1963). Since the legislative enactment is presumptively valid, the burden is upon the challenger to prove that a questioned classification does not rest upon a reasonable basis. *Madden v. Kentucky*, 309 U. S. 83, 88, 125 A.L.R. 1383 (1939).

 Even conceding that skating and bowling are both part of the "amusement and recreation" industry, we do not accept the respondent's argument that there are no differences between skating and bowling. As the Supreme Court has stated:

" . . . it has long been settled that a classification, though discriminatory, is not arbitrary nor violative of the Equal Protection Clause of the Fourteenth Amendment *if any state of facts reasonably can be conceived that would*

privilege and immunities provision of Art. 1, § 12, of the Washington State Constitution are substantially identical. *State v. Hart*, 125 Wash. 520, 217 Pac. 45 (1923); *Texas Co. v. Cohn*, 8 Wn. (2d) 360, 112 P. (2d) 522 (1941). Therefore, this opinion will henceforth not distinguish between the two sources of the controlling law.

[2]It should be pointed out once again that there is a distinction between the power of the legislature to designate classes for taxation and classes for regulation. In the former, the legislature acts under its revenue power and is given very broad power in the determination of classes for the imposition of taxation, subject only to the requirement that the division between the classes vest on a basis in reason that is not arbitrary and capricious. In the second category, the legislature acts under its police power, and then the test becomes whether the classification bears a reasonable relationship to the ends sought by the act. This distinction is recognized and well discussed in *Texas Co. v. Cohn*, 8 Wn. (2d) 360, 375, 112 P. (2d) 522 (1941).

*sustain it." Allied Stores of Ohio v. Bowers,* 358 U.S. 522, 528 (1959) (Italics ours.)

Thus, the test is merely whether "any state of facts reasonably can be conceived that would sustain" the classification. We note that bowling requires a high initial capitalization; that it is a wholesome family sport, actively participated in by both male and female, young and adult; that its rates are fairly expensive; and that it is often located in or close to local neighborhoods, and that it is a sport requiring skill. These factors combined with the special characteristics of the sport of bowling are sufficient to place it in a separate and distinct category. While the distinction between bowling and skating may be called "narrow," this is not fatal to the classification. *State v. Hi-Lo Foods, Inc.,* 62 Wn. (2d) 534, 541, 383 P. (2d) 910 (1963). Since there is a narrow distinction between skating and bowling, the exemption of bowling from the tax violates no equal protection principle as to the respondents-plaintiffs located within the skating rink classification.

■ The highly semantical nature of the respondent's argument can be seen when we consider the alternatives open to the legislature in this matter. The legislature could have imposed the tax alone on skating, or it could have made a long list of the different industries making up the "amusement and recreational businesses," omitting reference to the bowling industry. Since each field is different and requires different considerations, such a revenue act would have been upheld. As to the matter of the mechanics of legislative drafting, we can see no significant difference between legislative choice of the above format and the choice of the challenged format, where in either instance one segment of a general industry classification is excluded or excepted from the impact of a tax statute. These applicable principles are of long standing:

" . . . This Court has repeatedly held that inequalities which result from a singling out of one particular class for taxation or exemption, infringe no constitutional limitation.

. . .

"Like considerations govern exemptions from the opera-

tion of a tax imposed on the members of a class. A legislature is not bound to tax every member of a class or none. It may make distinctions of degree having a rational basis, and when subjected to judicial scrutiny they must be presumed to rest on that basis if there is any conceivable state of facts which would support it." *Carmichael v. Southern Coal & Coke Co.*, 301 U.S. 495, 509, 109 A.L.R. 1327 (1937).

Therefore, once it is determined that there is a reasonable basis for the distinction between the taxed class and the untaxed class, the language mechanics are no longer of controlling importance.

We are supported in our holding that there is a reasonable difference between the classes here by the authority of *Texas Co. v. Cohn*, 8 Wn. (2d) 360, 112 P. (2d) 522, where this court upheld a tax on the distribution of fuel oil even though no such tax was imposed upon solid fuels.[3] The court there listed many differences between the types of fuel, any number of which would have supported the classification.

The respondents have strongly argued that their competition with the bowling industry for "amusement dollars" places them in the same class for taxation. This same argument was advanced in the *Texas Company* case, *supra,* and was rejected with the statement that " . . . this court has indicated that it does not regard competition as a circumstance of controlling significance." (See also, *Magnano Co. v. Hamilton,* 292 U. S. 40 (1934), where a Washington state statute which imposed a tax of 15 cents per pound on butter substitutes was upheld, even though there was no tax on butter itself.) Thus we conclude that the mere fact of competition is not controlling if there are other characteristics that make a distinction between the classes reasonable.

---

[3] The respondents relied on the case of *State v. Inland Empire Refineries, Inc.*, 3 Wn. (2d) 651, 101 P. (2d) 975, which in part held that an excise tax on distributors of fuel oil was a violation of equal protection of the law because there was no reasonable basis for classifying fuel oil separately from solid fuels. However, this part of the case was subsequently overruled by *Texas Co. v. Cohn,* 8 Wn. (2d) 360, 367, 112 P. (2d) 522 (1941).

■ We, therefore, hold that the legislature was within its proper discretion in excluding the bowling industry from the tax, as there is a reasonable basis on which to distinguish bowling from the other classes. The judgment of the trial court is reversed.

ROSELLINI, C. J., OTT, HUNTER, HAMILTON, and HALE, JJ., concur.

HILL, J. (dissenting)—This dissent will be brief.

The Constitution of the State of Washington says:

"No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations." Art. 1, § 12.

RCW 82.04.050 makes the retail sales tax applicable on the amounts received,

". . . by persons engaging in the following business activities: (a) amusement and recreation businesses including but not limited to golf, pool, billiards, skating, ski lifts and tows and others but excluding bowling. . . ."

It is urged that the exclusion of bowling is discriminatory and makes the tax unconstitutional.

Conceding wide discretion to the legislative power in the classification of trades, businesses, or occupations which may be subjected to an excise tax, the tests by which the constitutionality of such an exclusion must be determined are as follows: Is it arbitrary or capricious? Does it rest upon some reasonable consideration of difference or policy? *State v. Hi-Lo Foods, Inc.* (1963), 62 Wn. (2d) 534, 383 P. (2d) 910; *State ex rel. Stiner v. Yelle* (1933), 174 Wash. 402, 25 P. (2d) 91.

The trial court, applying this test, concluded not only that there were "no reasonable grounds," but that there were no "conceivable grounds" which would justify the exclusion of bowling from the tax. The trial court, therefore, held the tax to be unconstitutional.

The majority reverses the trial court and holds that there was a reasonable basis on which to distinguish bowling from the other sports and that, therefore, the tax is constitutional.

The majority refers to a high initial capitalization; but even higher would be a ski lift or a golf club. Nor are we convinced that bowling surpasses the other taxed sports in wholesome family appeal, nor in skill—at least the skiers and golfers, and perhaps others, would disagree.

The exclusion of bowling from the tax seems to me to have no reasonable or logical basis; hence, I would affirm the trial court.

DONWORTH and WEAVER, JJ., concur with HILL, J.

June 10, 1965. Petition for rehearing denied.

